# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS DALE CATCHINGS, | Case No. 1:19-cv-001356-AWI-SKO |
| Plaintiff, | |
| v. | **ORDER TRANSFERRING CASE** |
| UNKNOWN U.S. DOJ OFFICIAL, et al., | |
| Defendants. | |

On September 26, 2019, Plaintiff Dennis Dale Catchings, a state prisoner proceeding *pro se*, filed a complaint against Defendants "Unknown U.S. DOJ Official FBI," "Unknown U.S. DOJ Official US Atty," and "Unknown U.S. DOJ Official Civil Rights Division," along with an application to proceed *in forma pauperis.* (Docs. 1 & 2.) The complaint purports to allege claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000 for violations of Plaintiff's Fifth and Fourteenth Amendment rights, apparently arising from Defendants' alleged failure to investigate complaints of police misconduct. (Doc. 1 at 3, 4.) Defendant "Unknown U.S. DOJ Official FBI" is listed as being employed at "11000 Wilshire Blvd.," located in Los Angeles California. (*Id*. at 2.) Defendant "Unknown U.S. DOJ Official US Atty" is listed as being employed at "300 S. Spring St.," located

in Los Angeles, California, and "Unknown U.S. DOJ Official Civil Rights Division" is listed as being employed at "950 Pennsylvania Ave.," located in Washington, DC. (*Id.*)

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Although Plaintiff is currently housed at High Desert State Prison, located in Susanville, California[1], it appears that, given the defendants' respective places of employment, none of the defendants reside in this district. In addition, it appears a substantial part of the events giving rise to the claims occurred in Los Angeles, which is in the Western Division of the Central District of California. Therefore, Plaintiff's suit should have been filed in the United States District Court for the Central District of California, Western Division. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California, Western Division.[2]

IT IS SO ORDERED.

Dated: __**October 4, 2019**__          /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Susanville, California, is within the Sacramento—not Fresno—Division of the Eastern District of California.
[2] In view of the transfer, this Court has not ruled on Plaintiffs' request to proceed *in forma pauperis* (Doc. 2).